UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LES A. GILEWSKI,

       Plaintiff,

vs.

                                      Court File No.

UNUM GROUP,

                                        HON.

       Defendant.

---

Troy W. Haney (P48614)
Haney Law Office, P.C.
Attorney for Plaintiff Les Gilewski
330 East Fulton Street
Grand Rapids, MI 49503
Tel:    (616) 235-2300
Fax:    (616) 459-0137
Email: thaney@troyhaneylaw.com

---

## **COMPLAINT**

      Plaintiff, Les A. Gilewski, by his attorney, Troy W. Haney (P48614), for his Complaint against

defendant, states that:

### **Parties, Nature of Action and Jurisdiction**

      1.      Plaintiff, Les A. Gilewski ("Plaintiff"), is a natural person and a legally-competent adult

at all times pertinent to this litigation;

      2.      This litigation involves the rights and responsibilities under a "Disability Income Policy"

of insurance bearing Policy Number 06-400NC-4439748 and issued originally to Plaintiff as named

insured by the Provident Life and Accident Insurance Company ("Provident"), Policy attached as

*Exhibit 1,* hereto;

3.     Defendant Unum Group (hereafter "Unum") is an international corporation headquartered in Chattanooga, Tennessee, which provides *inter alia* disability income insurance policies, is licensed to do business in the State of Michigan, and which maintains a business office open to the public in Kent County, Michigan.  Provident and Unum merged into one corporation in 1999, which corporation presently continues to do business under the unitary name Unum;

4.     This is a civil action brought by Plaintiff under the Employee Retirement Income Security Act of 1974 ("ERISA"), Section 502, 29 U.S.C. 1132, asserting material breach of the terms of an employee benefit plan and breach of fiduciary duties, for the purpose of compelling defendant to provide contracted disability income insurance benefits, and for an accounting and recovery of damages, interest, costs and attorney fees incurred as a direct and proximate consequence of defendant's breaches of its contractual obligations and its duties under ERISA as detailed hereinafter;

5.     This Court has subject matter jurisdiction over Plaintiff's claims as detailed herein pursuant to ERISA, Section 502(e) and (f), 29 U.S.C. 1132(e) and (f), and 28 U.S.C. 1331;

6.     Venue properly lies in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. 1132(e)(2);

7.     At all pertinent times, Plaintiff was a participant, as defined by ERISA Section 3(7), 29 U.S.C. 1002(7), in the Radiance Mold & Engineering Long-Term Disability benefit plan ("Plan"), provided by Radiance Mold & Engineering to its eligible employees, including Plaintiff, which Plan was funded by the above-referenced insurance policy (No. 4439748), and is an employee welfare benefit plan within the meaning of ERISA Section 3(1), 29 U.S.C. Section 1002(1), and that was administered by Unum as claims administrator and a fiduciary of the Plan, ERISA Section 3(21), 29 U.S.C. 1002(21);

8.     The referenced Policy under which Plaintiff presently claims benefits is subject to

2

Michigan Administrative Code R 500.2201-2202 which provides that any "discretionary clause" in a policy of insurance provided in Michigan is "void and of no effect";

9.     On May 17, 2007, Unum, by its "contract consultant", Karen Sabasteanski, certified to the State of Michigan Office of Financial and Insurance Services that, as of June 18, 2007, all discretionary language was being removed from all insurance contracts in effect within the state of Michigan (see ***Exhibit 2*** hereto), perforce including the Policy at issue in this litigation, such that the ordinary *de novo* review standard applies to this Court's review of Unum's benefit eligibility decisions at issue in this litigation.

## Facts

10.     Plaintiff Les Gilewski, born in 1968, is a married man, and the father of one minor child who is seriously impaired by cerebral palsy, cannot walk or talk at age eleven, and requires continuous supervision;

11.     For over twenty years, beginning at age 20, Plaintiff built his own auto parts and molding business into one that, by 2009, employed well over 100 persons and had annual revenues of $24 million;

12.     However, various interrelated reversals and challenges in his life caused Plaintiff to become permanently disabled from employment in 2009, including:

(a)     A serious, long-term downturn in the automobile industry which resulted in Plaintiff being unable to pay his bills and being forced to submit to the liquidation of his business by his bank creditors;

(b)     Escalating challenges in caring for his son which added stress to his first, long-term marriage, which was already under stress due to;

(c)     Extreme marital issues that Plaintiff himself concedes were likely a byproduct of his own tendency towards being an overly-absent six days per week long hours "workaholic", which

3

tendency was only further exacerbated by his trying to survive the growing economic pressures on his business;

13.    As a result of these interrelated challenges, Plaintiff suffered a nervous breakdown which led to him being hospitalized from June 4 through 9, 2009, for psychiatric assessment and treatment;

14.    At that time, Plaintiff was deemed disabled from any gainful employment by his then treating psychiatrist, Daniel Guyer, M.D., who diagnosed him as suffering from major depression, recurrent and chronic, and who placed him on narcotic antidepressant medications on which he remains to the present date;

15.    In November of 2010, Plaintiff underwent a further psychiatric evaluation by Gerald Shiener, M.D., psychiatrist, who confirmed that he was suffering from "major depression, recurrent and chronic", further exacerbated by the "severe psychosocial stressors" referenced above;

16.    Dr. Shiener then assumed Plaintiff's treatment, and has periodically thereafter advised defendant Unum (using language from a February, 2013 report) that "unfortunately" he "has not been able to return him [Plaintiff]" to a "level of functioning" adequate to resume any gainful employment;

17.    Plaintiff was also evaluated by Robert Ancell, Ph.D., a nationally-renowned vocational rehabilitation expert (and recipient of a presidential citation), who has himself informed Unum that Plaintiff "is unable to perform the substantial duties of his job";

18.    Plaintiff's last day worked due to his disability was June 2, 2009;

19.    Unum immediately began paying Plaintiff disability benefits under the Policy upon his discharge from the hospital (June 9, 2009), and continued paying them until they were discontinued on the date (July 12, 2013) of a letter written to Plaintiff's prior attorney by Unum's Paula C. Verducci, "Lead Disability Benefits Consultant";

20.    Ms. Verducci's letter advised that Plaintiff's benefits were being terminated because

4

Unum had determined he "is able to perform the duties of his occupation" and is, accordingly, "not disabled", with the sole basis for this conclusion being the opinion of Calmeze Dudley, M.D., a consulting psychiatrist who examined Plaintiff on one date (June 19, 2013) at the direction of Unum;

21.     Ms. Verducci's letter concluded by advising that Plaintiff could seek an appeal that would be decided by "an Appeals Specialist" at Unum, and Plaintiff, by his then attorney, requested such an appeal;

22.     On January 30, 2014, Unum, by Richard A. Enberg, "Lead Appeals Specialist", wrote Plaintiff's then attorney to advise that the termination of his benefits "is correct" and would not be overturned;

23.     The primary basis for rejecting the appeal was a new "review" by an unnamed psychiatrist who concluded that Dr. Dudley's "recent . . . evaluation is comprehensive, thoughtful and consistent with professional standards";

24.     Mr. Enberg's letter concluded by advising that Plaintiff could bring a "civil suit" under ERISA.

## COUNT I -- BREACH OF CONTRACT

### Claim for Benefits Pursuant to ERISA Section 502(a)(1)(B)
### 29 U.S.C. 1132(a)(1)(B)

25.     Policy No. 4439748 is self-identified as a legally-binding written contract between the parties, supported by all of the necessary elements for an enforceable contract, i.e., offer, acceptance, mutual assent, and consideration;

26.     Plaintiff has not breached any of his own duties under Policy No. 4439748 in any particular or to any extent;

27.     Policy No. 4439748 defines disability as the inability to "perform one or more of the substantial and material duties of your occupation" or the inability to perform those duties "for as much time" as "you regularly performed them before you became disabled";

28.     Policy No. 4439748 provides that Plaintiff may obtain long-term disability benefits until he turns 65 years old (in 2033);

29.     Plaintiff has established his ongoing disability by the substantial weight of the evidence presented to Unum as attested to by his attending long-term psychiatrist, Dr. Shiener;

30.     Unum's wrongful termination of Plaintiff's awarded long-term disability benefits is a breach of the terms and conditions of Policy No. 4439748;

31.     Unum's wrongful termination of Plaintiff's awarded long-term disability benefits has or will cause him tangible financial damages far in excess of the jurisdictional minimum of this Court;

32.     Unum's wrongful termination of Plaintiff's awarded long-term disability benefits has caused him further tangible financial damages by rendering him ineligible for other benefits provided through his employment such as pension, medical benefits, and the waiver of group life insurance premiums.

## PRAYER FOR RELIEF

Plaintiff Les A. Gilewski prays this Honorable Court for:

A.     A declaratory judgment pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) and 28 U.S.C. 2201, declaring that he is entitled to the group employee benefits under the Reliance Mold & Engineering Plan as funded and insured by Unum Policy No. 4439748, in effect at the time benefits became payable, and that defendant has violated the Plan and Policy and its duties thereunder;

B.     A full and accurate accounting by defendant of all computations for Plaintiff's employee benefits, in sufficient detail to demonstrate that those benefits are being awarded in the proper amounts;

C.     An order compelling defendant to pay Plaintiff forthwith the full amount of employee benefits due him and to continue such payments for the period set forth in the Policy, including interest on all unpaid benefits;

D.     An order awarding reasonable attorney fees and costs pursuant to ERISA Section 502(g)(1), 29 U.S.C. 1132 (g)(1);

E.     Such other relief as may be just and appropriate.

Dated: March 6, 2015

/s/ Troy W. Haney
Troy W. Haney (P48614)
Haney Law Office, P.C.
Attorney for Plaintiff
330 East Fulton Street
Grand Rapids, MI 49506
(616) 235-2300